# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RAFAEL SANTIAGO,** | :CIVIL ACTION |
| Plaintiff, | : |
| | :No.   5:21-cv-643 |
| v. | : |
| | : |
| **WALMART STORES EAST, LP,** | : |
| Defendants. | : |

## COMPLAINT

### I.   PRELIMINARY STATEMENT

This is an action for an award of damages, declaratory and injunctive relief, attorney's fees and other relief on behalf of Rafael Santiago, (hereinafter "Mr. Santiago" or "Plaintiff"). This action is brought under the Americans with Disabilities Act, the Age Discrimination in Employment Act, Title VII of the Civil Rights Acts of 1963 and 1991 and the Family and Medical Leave Act, 29 U.S.C. sec 2601, e*t seq*.

### II.  JURISDICTION AND VENUE

1. The original jurisdiction and venue of this Court is invoked in this District pursuant to 42 U.S.C.  28 U.S.C. §1331 and 1391, and the claim is substantively based on, Title VII of the Civil Rights Acts of 1963 and 1991, 42 U.S.C. § 2000e, *et seq.*, the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.*, the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.,* and the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq*.

2. Venue is proper in the Eastern District of Pennsylvania in that some or all of the events complained of herein occurred in Northampton County, Pennsylvania, and/or some or all of the Defendants herein reside or have their principal place of business within the boundaries of this District.

3. Plaintiff has invoked and exhausted his administrative remedies under Title VII, the ADA and ADEA by filing a Charge of Discrimination with the United States Equal Employment Opportunity Commission on or about June 12, 2020.

4. The EEOC issued a Notice of Right to Sue on November 16, 2020.

5. This action has been filed within 90 days of receipt of the Notice of Right to Sue.

### III. PARTIES

6. Plaintiff Rafael Santiago is a 55-year-old adult male citizen and resident of the Commonwealth of Pennsylvania, residing in Hellertown, Pennsylvania.

7. At all times material hereto, Plaintiff was a full-time employee of Defendant, working five (5) days per week and therefore entitled to sixty (60) days of unpaid leave under the Family and Medical Leave Act of 1993.

8. Defendant, Walmart Stores East, LP (hereinafter "Walmart"), is a business corporation organized under the laws of the State of Delaware, and with its corporate headquarters located in Bentonville, AK, and doing business in the Commonwealth of Pennsylvania in numerous locations as "Walmart," including the facility where Plaintiff was employed in Bethlehem, PA.

9. Andre McDermott and Joseph Calomino are adult citizens and residents of the Commonwealth of Pennsylvania. At all times material hereto, Defendants were management or supervisory employees of Defendant Walmart and in that capacity had direct supervisory authority and are responsible for the formulation and/or implementation of practices, policies, and procedures, as well as the day-to-day operation and overseeing and command and control of certain segments of the Walmart organization.

10. At all times material hereto, McDermott was the Outbound Operations Manager, acting within the scope of duties of his employment with Defendant Walmart.

11. At all times material hereto, Calomino was the Inbound Operations Manager, acting within the scope of duties of his employment with Defendant Walmart.

12. At all times relevant hereto, Defendant Walmart of Bethlehem acted by and/or failed to act by and through the conduct of its officers, managers, agents and employees, including but not limited to McDermott and Calomino, all acting within the scope and course of their employment.

13. Defendant, Walmart for all relevant times was Plaintiff's "employer" as defined in 29 U.S.C. § 2611(4)(a) and 29 C.F.R. 825104(a).

14. At all times material hereto Defendant Walmart had more than fifty (50) employees within a seventy-five-mile radius of the location at which Plaintiff was employed.

15. At all time material hereto, Defendant Walmart had more than twenty employees during any twenty weeks in 2018 through 2019 and was therefore an "employer" subject to the provision of the ADEA and Title VII.

16. At all relevant times herein, Defendant Walmart knew, or had reason to know, of the actions and inaction alleged herein and/or has personally participated in some of said actions complained of herein and are ultimately responsible for same.

IV. **CAUSES OF ACTION**

17. Plaintiff is a 55-year-old Latino male who suffers from a disability under the

Americans with Disabilities Act (ADA), 42 U.S.C. § 12102, *et seq.*, and is protected by the ADA's prohibition against being discriminated against for being regarded and/or perceived as disabled, from discrimination and/or failure to make reasonable accommodation to the known physical or mental limitations of an otherwise qualified individual with a disability, and/or retaliation for exercising his rights under the ADA, namely requesting and/or using leave or a reasonable accommodation.

18. Plaintiff also is protected from race-based discrimination and retaliation under Title VII of the Civil Rights Act of 1964 and 1991 (Title VII), as amended, 42 U.S.C. § 2000e, *et seq.*

19. Plaintiff also is in a protected category due to his age by the provisions of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, *et seq.*

20. Finally, because Plaintiff suffered from a serious medical condition that required him to take medical leave, he was protected from discrimination and interference with his right to leave under the Family and Medical Leave Act.

21. Plaintiff was hired by Walmart in or around April 2016.

22. At all relevant times hereto, Plaintiff performed his work and job duties in a proper and competent manner.

23. In fact, Plaintiff was promoted during his tenure, and held the title of Area Manager at the time of his termination.

24. Plaintiff was the only Latino on Shift 4 and one of the oldest Area Managers.

25. Calomino frequently would call Plaintiff "old man."

26. Calomino knew that Plaintiff was a disabled veteran and had a medical condition from being in the military and serving during the attacks on the

World Trade Center on September 11, 2001.

27. These medical condition substantially limits Plaintiff in the major life activities of control of emotions, attentiveness/concentration, stamina, time management, memory, organization and stress tolerance.

28. Plaintiff also has an unrelated medical condition that substantially limits him in the major life activities of lifting, carrying over 40 pounds, and walking.

29. In addition, Plaintiff had a disabled parking permit, which gave him parking privileges.

30. Plaintiff would occasionally get looks and comments, including, "oh, you park here?" referring to handicap spots.

31. Mr. Santiago requested and was approved for a medical leave of absence from July 15, 2016 through October 12, 2016 in order to receive treatment for his disabling conditions.

32. On October 10, 2016, Mr. Santiago submitted a Request for Accommodation restricting him from lifting and carrying more than forty pounds.

33. At the time, he was a Packer/Logistics and, as such, he was required to move, lift, carry and place merchandise and supplies weighing up to 60 pounds.

34. Rather than engage in an interactive process to determine a reasonable accommodation that would have allowed Plaintiff to continue working, Defendant placed him on "reassignment leave."

35. On November 14, 2016, Defendant finally allowed Mr. Torres to return to work as a Com Traffic Clerk.

36. Mr. Santiago again requested and was approved for a medical leave of absence from March 29, 2017 through April 5, 2017.

37. In or around late October/early November 2019, both McDermott and Calomino made comments that <u>they</u> were struggling or outright failing as Operations Managers because shift 4 was constantly in "last place."

38. Plaintiff asked how he could help but received no feedback.

39. On or about November 15, 2019, Plaintiff was presented with an E-Commerce FC Performance Improvement Plan ("PIP").

40. Plaintiff was told that his team was allegedly failing to make rate and that Plaintiff's team had the "lowest" rate.

41. Plaintiff was, however, never shown how Walmart calculated the rate.

42. Prior to being placed on the PIP, Plaintiff had never been given any negative feedback and was considered to be one of the best Area Managers.

43. Despite the fact that there were four employees on the team, Plaintiff was the only employee placed on a PIP.

44. Once he was placed on the PIP, both McDermott and Calomino were supposed to meet with Plaintiff once a week, but McDermott only met with Plaintiff once end of the first week, telling Plaintiff he was "good to go."

45. However, at the end of the PIP, Calomino met with Plaintiff and told Plaintiff that he only improved in five of six areas.

46. When Plaintiff objected, stating he believed he improved in all six areas, Calomino said they had "metrics," but never showed Plaintiff how said "metrics" were calculated or how Calomino and McDermott obtained the information on which they relied.

47. Plaintiff was terminated on December 17, 2019 because his performance "did

not consistently improve."

48. Walmart's stated reason for termination, however, is manufactured and pretextual.

49. Among other things, Plaintiff was never provided with the alleged "metrics" on which his supervisors relied, nor how the "rate" was calculated for Plaintiff's team, nor provided with any concrete examples or guidance as to how he could improve his team's performance.

50. As a direct result of the Defendants' conduct, Plaintiff was discriminated against based on his use of FMLA leave, his race, his age and his disability.

51. As a direct result of the Defendants' conduct, Plaintiff has suffered physical injury, pain and suffering, and continues to suffer severe emotional, psychological and physical distress.

52. As a direct result of Defendants' conduct, Plaintiff's career, professional and job opportunities have been impaired and damaged and he has suffered a loss of earnings and earning capacity.

**COUNT I**
**PLAINTIFF**
**v.**
**DEFENDANT WALMART**
**VIOLATION OF THE FMLA**

53. Paragraphs 1 through 52 inclusive, are incorporated by reference as if fully set forth at length herein.

54. The termination of Plaintiff constitutes a "prohibited act" under the Act, 29 U.S.C. §2615(a)(1).

55. The willful violations of Plaintiff's rights under the Act were done in the absence of good faith and reasonable grounds and this Court must award liquidated damages pursuant to 29 U.S.C. §2617(a).

56. As a direct and proximate result of the aforesaid actions and omissions of all Defendants, the Plaintiff has suffered the following injuries and losses set forth herein.

**COUNT II**
**PLAINTIFF**
**v.**
**DEFENDANT WALMART**
**VIOLATION OF ADEA**

57. Paragraphs 1 through 56 inclusive, are incorporated by reference as if fully set forth at length herein.

58. The decision to terminate Plaintiff without cause constitutes Age Discrimination prohibited by the ADEA.

59. As a direct and proximate result of the aforesaid actions and omissions of all Defendants, the Plaintiff has suffered the following injuries and losses set forth above.

**COUNT III**
**PLAINTIFF**
**v.**
**DEFENDANT WALMART**
**VIOLATION OF TITLE VII**

60. Paragraphs 1 through 59 inclusive, are incorporated by reference as if fully set forth at length herein.

61. The decision to terminate Plaintiff without cause race Discrimination prohibited by the Title VII.

62. As a direct and proximate result of the aforesaid actions and omissions of all Defendants, the Plaintiff has suffered the following injuries and losses set forth above.

**COUNT IV**
**PLAINTIFF**
**v.**
**DEFENDANTS WALMART**
**VIOLATION OF THE ADA**

63. Paragraphs 1 through 62 inclusive, are incorporated by reference as if fully set forth at length herein.
64. The decision to terminate Plaintiff without cause because of his disabling medical condition the need for reasonable accommodation including but not limited to leave constitutes a violation of the ADA.
65. As a direct and proximate result of the aforesaid actions and omissions of all Defendants, the Plaintiff has suffered the following injuries and losses set forth above.

## V. PRAYER FOR RELIEF

66. Plaintiff repeats the allegations of paragraphs 1 through 65 of this Complaint as if set forth at length herein.

WHEREFORE, Plaintiff requests this Court to enter judgment in his favor and against Defendants and requests that this Court:

a. Exercise jurisdiction over his claims;

b. Award traditional tort remedies such as compensatory damages, pain and suffering, physical and emotional distress, economic loss, time loss, severe emotional trauma, and such punitive damages as may be available under law;

c. Issue declaratory and injunctive relief declaring the above-described practices to be unlawful, and enjoining their past and continued effects;

d. Order Defendants pay to Plaintiff pre- and post-judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

e. Order Defendants pay to Plaintiff punitive damages, as allowed by law;

f. The Court award such other relief as is deemed just and proper.

## JURY DEMAND

Plaintiff demands trial by jury as to all issues so triable.

**HAHALIS & KOUNOUPIS, P.C.**

By: /s/ *George S. Kounoupis*
GEORGE S. KOUNOUPIS, ESQUIRE
20 East Broad Street
Bethlehem, PA 18018
(610) 865-2608
Attorneys for Plaintiff, Rafael Santiago

Dated: February 11, 2021